UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Joseph D. Siewert,

Plaintiff,

vs.

BFI Waste Systems of North America, Inc.,
a Delaware corporation,

Defendant.

DDA/FLN
Case No. 00-1513

**STIPULATION AND PROTECTIVE ORDER**

---

WHEREAS, the parties have conducted, or may yet conduct, formal discovery, the answers and responses to which may potentially implicate the privacy interests of persons who are not parties to this action.

WHEREAS, the parties wish to avoid unnecessary discovery disputes while ensuring that, by answering and responding to discovery requests in compliance with their obligations arising under the Federal Rules of Civil Procedure, the parties do not, either by act or omission, expose themselves to actionable claims for invasion of privacy, including but not limited to actionable claims for publication of private facts or for intrusion upon seclusion and that proprietary information be kept confidential.

WHEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the parties to the above-entitled action, through their undersigned counsel, that the Court may enter an Order pursuant to the following terms:

**CONFIDENTIAL DOCUMENTS AND INFORMATION**

1. "Document" as used herein shall have all the meaning set forth in Fed. R. Civ. P. 34.

FILED OCT 24 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD__________
DEPUTY CLERK__________

2. Any party may designate any or all documents produced or to be produced by it in connection with this litigation as "confidential" either by means of a stamp or other such marking on the document itself or by identification of a group of documents upon production as confidential.

3. Documents so designated as confidential, and all information contained therein, shall be used only for purposes of this litigation. No document, or information contained therein, shall be disclosed to any person or in any manner other than the persons and manner set forth in this Stipulation and Protective Order. Documents or information in a party's possession prior to production by the other party need not be treated as confidential. Documents or information that a non-producing party lawfully obtains during the course of this action from a source other than the producing party, and which contain information also contained in documents or testimony that have been otherwise produced by the producing party as "confidential", need not be treated as "confidential" or as "Confidential Documents and Information" within the meaning of this Stipulation and Protective Order. With respect to materials designated as "confidential," any person indicated on the face of the documents and/or item to be its originator, author, or recipient of a copy thereof may be shown the same.

4. The undersigned counsel of record may make or cause to be made copies of confidential documents that are produced to them during this action. Until further order of the Court, such documents and copies, and information contained therein, and information obtained during the course of deposition discovery wherein examination is made upon confidential documents or information, and information contained in answers to interrogatories based upon such confidential documents or information (hereinafter, collectively referred to as "Confidential Documents and Information"), may be divulged by counsel only to members of their firm, including staff, their

respective clients (including current employees, officers, directors, partners, shareholders, or other owners), and to testifying and/or consulting experts who are requested by counsel of record to furnish services in preparation for trial of this action, provided said persons are first provided with a copy of this Stipulation and Protective Order and certify in writing that he or she has read the Stipulation and Protective Order, understands it, and agrees to be bound thereby. The certificate shall be in the form of the Affidavit of Confidentiality provided in Exhibit "A" hereto. Confidential Documents and Information also may be divulged to attorneys, clerks, paralegal personnel, and secretaries assisting counsel in the preparation of the case, stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action, deposition witnesses as provided in paragraph 6, such persons as counsel shall mutually consent to in writing or on the record prior to the proposed disclosure, all of whom shall be bound by this Stipulation and Protective Order. "Attorney" as used in this paragraph includes in-house counsel for the parties.

5. All extracts and summaries of Confidential Documents and Information shall be treated as confidential in accordance with the provisions of this Stipulation and Protective Order.

6. Confidential Documents and Information may be used in connection with the deposition of any person without prior notice, provided however that counsel for the party submitting the Confidential Documents and Information may assert the protection of this Order at any deposition; and if such protection is so asserted, the portion(s) of the deposition transcript for which the protection is asserted, along with any confidential documents marked as exhibits, will be deemed to be "confidential" material subject to the protections of this Stipulation and Protective Order. The parties agree that if it is determined that the party asserting confidentiality has done so in a bad faith attempt to hinder the rights of the party seeking to use the Confidential Documents and Information

to obtain deposition testimony, the party seeking to use the Confidential Documents and Information shall be entitled to recover from the party asserting confidentiality its reasonable costs, including attorneys' fees and other sanctions as the Court deems appropriate, incurred in connection with said motion, with such monetary award to be paid within ten (10) business days of the entry of the Court's Order.

7. Counsel wishing to disclose Confidential Documents and Information to any person not enumerated in paragraph 4, above, may do so provided that prior to such disclosure, the person to whom it is proposed the Confidential Documents and Information will be disclosed shall be provided with a copy of this Stipulation and Protective Order, shall be advised that he or she must agree to bound by its terms, and shall certify that he or she has read the Stipulation and Protective Order, understands it, and agrees to be bound thereby. The certificate shall be in the form attached hereto as Exhibit A.

8. The parties will attempt to resolve disputes about the status or use of Confidential Documents and Information on an informal basis when disputes arise. If a party objects to a confidential designation, or the effect of such a confidential designation under this Agreement, that party may move the Court (after giving ten days prior written notice of such motion to the party or person asserting the confidential treatment) for an order changing the designated status of such material or otherwise relieving the objecting party from restrictions contained in this Order. The party proponent of the confidentiality designation shall bear the burden of showing good cause to support the designation. During the interim, between the initial designation of the material by the party and the Court's determination of a timely motion, such material shall be treated as confidential.

9. Except as otherwise provided by applicable local rule governing filing of confidential materials, in the event that counsel for any party decides to file with the Court any Confidential Documents and Information or any papers containing or making reference to such Confidential Documents and Information, such documents, or the portions of them that contain confidential documents or information, shall be filed only in a sealed envelope on which a statement substantially in the following form shall be endorsed:

CONFIDENTIAL

> The envelope contains documents that are subject to a Protective Order entered by the Court in this action governing the use of Confidential Documents and Information.

All such material so filed shall be maintained by the Court Administrator under seal and separate from the public records in this action and shall be released only upon further Order of the Court.

10. At the conclusion of the district court proceedings and all appeals or other termination of the action, or upon the settlement of all issues in this lawsuit, all documents produced under the provisions of this Order (and all copies) shall be returned to the supplying party and all extracts and summaries thereof shall be destroyed. Counsel for any party may retain one copy of any and all pleadings or others papers filed in Court which contain confidential material for the purpose of any possible future dispute over alleged violations of this Agreement or over any agreement, decision, decree, or order of judgment disposing of all or part of this action. The provisions of this Order, insofar as they restrict the communication and use of the documents produced hereunder or information obtained from such documents, shall, without written permission of the producing party or further order of the Court, continue to be binding after the conclusion of the action.

11. The foregoing Stipulation and Protective Order is entirely without prejudice to the right of any party to apply to the Court for any further protective order relating to any Confidential Documents and Information; to apply to the Court for an order compelling production of documents, or for modification of this Stipulation and Protective Order, or for an order permitting the disclosure of any Confidential Documents and Information beyond the terms of this Order. This Order shall be without prejudice to the right of any party or person to oppose production of any information for lack of relevance or on any other ground.

RIDER, BENNETT, EGAN & ARUNDEL, LLP

By ______________________
Daniel Q. Poretti (185152)
Peter Gray (025809X)
Attorneys for Defendant
333 South Seventh Street
Suite 2000
Minneapolis, Minnesota 55402
(612) 340-7901

Dated: October 10, 2000

COTE LAW FIRM, LTD.

By ______________________
Brian E. Cote (218819)
Attorney for Plaintiff
900 Midwest Plaza East
800 Marquette Avenue
Minneapolis, MN 55402
Telephone: (612) 333-9709

Dated: Oct. 10, 2000

## ORDER

The foregoing Stipulation is hereby approved and IT IS ORDERED that the terms of the foregoing Stipulation are hereby adopted and shall govern this action unless otherwise ordered by the Court.

BY THE COURT:

[signature]

The Honorable Franklin L. Noel
United States Magistrate Judge

DATED: 0/ 23, 2000

# EXHIBIT A
# AFFIDAVIT OF CONFIDENTIALITY

In the case of: Joseph D. Siewert v. BFI Waste Systems of North America, Inc.
Minnesota Federal District Court No. 00-CV-1513 DDA/FLN

The undersigned has read the Stipulation and Protective Order pertaining to **Confidential Documents and Information** in the above-referenced action and agrees:

1. That he/she has read the Stipulation and Protection Order with respect to this matter and shall fully abide by the terms thereof;

2. That he/she shall not disclose the **Confidential Documents and Information** to or discuss the **Confidential Documents and Information** with any person who is not authorized pursuant to the terms of said Stipulation and Order to receive the disclosure thereof and who has not signed an Affidavit of Confidentiality as therein provided;

3. That he/she shall not use such **Confidential Documents and Information** for any purpose other than for the purposes of the above-referenced action; and

4. That he shall return all **Confidential Documents and Information** as defined by Paragraph 1 of the Stipulation and Protective Order attached within (30) days of notice of the final conclusion of this litigation to **[INSERT NAME AND ADDRESS OF COUNSEL FOR CLAIMING PARTY OR RESPONDING PARTY AND THIRD PARTY CLAIMING PARTY, WHICHEVER IS APPROPRIATE].**

________________________
Name

________________________
Address

________________________

________________________

________________________
Signature

Subscribed and sworn to before me this
________ day of ____________, 2000.

________________________
Notary Public

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

A Protective/ConfidentialityOrder has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

B:\FORMS\PROTECOR.NOT